This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                   **NO. 29,646**

**TIMOTHY PARKMAN,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant is appealing from a district court order revoking his probation. We issued a second calendar notice proposing to affirm, and Defendant responded with a memorandum in opposition. We affirm.

Defendant continues to challenge the district court's determination that he was a fugitive for purposes of calculating his sentencing credit for time served on probation. In *State v. Neal*, 2007-NMCA-086, ¶ 30, 142 N.M. 487, 167 P.3d 935, this Court set forth the analytical framework for addressing this issue:

> Under NMSA 1978, Section 31-21-15© (1989), [i]f it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice. The [s]tate bears the burden of proving that the defendant is a fugitive. A fugitive is not entitled to probation credit from the date of the violation to the date of arrest. Sections 31-21-15(B) and ©, read together, require that all time served on probation shall be credited unless the defendant is a fugitive. A defendant is entitled to credit for any time on probation, unless the [s]tate can show either (1) it unsuccessfully attempted to serve the warrant on the defendant or (2) any attempt to serve the defendant would have been futile. This test attempts to balance the competing policies of preventing defendants from benefitting from absconding, and requiring the state to diligently prosecute defendants who have violated probation. We review the district court's finding on this issue to determine if it is supported by substantial evidence. (emphasis omitted) (internal quotation marks and citation omitted).

In this case, as in *Neal*, there was a bench warrant issued on June 2, 2006 and entered into the National Crime Information Center (NCIC) database on June 6, 2006. [MIO 4] *See Neal*, 2007-NMCA-086, ¶ 32. [RP 173] In *Neal*, we observed that "the record is silent on the question of whether the probation officer was aware of [the

d]efendant's location, or made any attempt to determine [the d]efendant's location, during the period in question." *Id.* ¶ 33. The relevant period commenced when the warrant was issued. *Id.* ¶¶ 11, 33. In this case, the New Mexico probation officer who requested the warrant did not make any efforts to locate Defendant after the warrant was issued on June 6, 2006. [MIO 4-5] Although efforts to locate Defendant by a Texas official had been made prior to the date the warrant was issued, there is no indication that such efforts were made by agents during the relevant period. Based on this, Defendant continues to argue that this case requires reversal under *Neal*.

We disagree with Defendant's argument [MIO 8] that the State had the burden to show that agents attempted to locate him after the bench warrant was issued and that the district court could not rely on other indications of futility. The relevant inquiry is broader than the one Defendant is advocating. *See id.* ¶ 34 (noting that there must be a basis to create the reasonable inference that attempting to serve a warrant would have been futile). Here, there were unsuccessful efforts to locate Defendant *after* the June 6, 2006 warrant was issued. On August 25, 2006, a motion to withdraw was filed on defense counsel's behalf, indicating that efforts to locate Defendant were unsuccessful despite the use of various methods. [RP 181] It stands to reason that if those acting on behalf of Defendant are unable to locate him, similar efforts made by the State would have been futile. In addition, although the pre-June 6 efforts may not

3

have formed the sole basis for a futility finding under *Neal*, they may be used as further evidence to support the futility finding once the post-June 6 indications of fugitive status have been shown.  Accordingly, we affirm.

**IT IS SO ORDERED.**


_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____

**CELIA FOY CASTILLO, Judge**


_____

**LINDA M. VANZI, Judge**